These articles of our Code are of long standing, and it has been the universal rule, so far as we are informed, when two or more persons are charged by complaint and information with being principals in the commission of an offense, they are incompetent as witnesses for each other. Jordan v. State, 29 Tex. App. 595, 16 S. W. 543; Davis v. State, 45 Tex. Cr. R. 183, 74 S. W. 909; Sparkmam v. State, 61 Tex. Cr. R. 430, 135 S. W. 134; Baldwin v. State, 39 Tex. Cr. R. 245, 45 S. W. 714; Robertson v. State, 63 Tex. Cr. R. 268, 140 S. W. 105; Oliver v. State, 65 Tex. Cr. R. 158, 144 S. W. 604.

[2] As both complaints were pending in the county court at law, when the objection was made, the court had judicial knowledge of the pendency of the complaint against the wife, and there was no error in refusing to permit her to testify in behalf of appellant.

The judgment is affirmed.

GLOVER v. STATE. (No. 4232.)

(Court of Criminal Appeals of Texas. Oct. 25, 1916.)

CRIMINAL LAW ☞1090(1)—APPEAL AND ERROR—ABSENCE OF STATEMENT OF EVIDENCE AND BILL OF EXCEPTIONS.

Where no statement of the evidence heard on trial accompanies the record on appeal from a conviction and it contains no bill of exceptions, the judgment must be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2794; Dec. Dig. ☞1090(1).]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Dave Glover was convicted of assault to murder, and he appeals. Judgment affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and his punishment as-

sessed at three years' confinement in the penitentiary.

No statement of the evidence heard on the trial accompanies the record, nor does it contain any bill of exceptions. Under such circumstances the judgment must be affirmed.